# United States Court of Appeals for the Federal Circuit

2009-1543


ALTON B. HORNBACK,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.


Alton B. Hornback, of San Diego, California, pro se.

Susan L.C. Mitchell, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were Tony West, Assistant Attorney General, and John Fargo, Director.

Appealed from: United States District Court for the Southern District of California

Judge Janis L. Sammartino

# United States Court of Appeals for the Federal Circuit

2009-1543

ALTON B. HORNBACK,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States District Court for the Southern District of California in case no. 07-CV-00289, Judge Janis L. Sammartino.

_____

DECIDED: April 15, 2010

_____

Before MICHEL, Chief Judge, and RADER, Circuit Judges, and FOLSOM, District Judge.[*]

RADER, Circuit Judge.

Alton B. Hornback appeals an order from the United States District Court for the Southern District of California dismissing his complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because the Invention Secrecy Act, 35 U.S.C. § 183, does not provide Mr. Hornback with a cause of action for the government's use of an invention subject to a secrecy order after the issuance of a patent on that invention, this court affirms.

---

[*] Honorable David Folsom, Chief Judge of the United States District Court for the Eastern District of Texas, sitting by designation.

Mr. Hornback is the named inventor of U.S. Patent No. 6,079,666 (the "'666 patent"), titled "Real Time Boresight Error Slope Sensor." The '666 patent resulted from an application that Mr. Hornback filed on April 25, 1986. The Air Force subsequently classified Mr. Hornback's application as "secret" and, accordingly, the United States Patent and Trademark Office ("PTO") imposed a secrecy order under 35 U.S.C. § 181. On September 17, 1987, the PTO issued a "Notice of Allowability" that stated that the application was "in condition for allowance" but that "in view of the secrecy order issued August 24, 1987, under 35 U.S.C. (1952) 181, this application will be withheld from issue during such period as the national interest requires." The government rescinded the secrecy order on April 21, 1999, and the '666 patent issued on June 27, 2000.

Mr. Hornback, who is pursuing his claim pro se, seeks compensation under 35 U.S.C. § 183 for the government's use of the invention. Initially, Mr. Hornback sought compensation for government use that occurred both before and after the issuance of the patent. The district court, however, held that res judicata barred Mr. Hornback's claims for any government use that occurred on or before July 5, 2000. Mr. Hornback does not challenge that ruling on appeal.

As a result of the district court's res judicata ruling, Mr. Hornback's claim for compensation was limited to government use that occurred after issuance of the '666 patent. Relying on that limitation, the government moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that "pursuant to the express terms of [section 183], an applicant's right to compensation is limited to recovering for wrongful use occurring only during the time during [sic] which a secrecy order is pending" and

therefore that "Hornback has no cause of action for unauthorized governmental use of his invention under 35 U.S.C. § 183 occurring after April 21, 1999."

The district court, construing the government's motion as one for failure to state a claim, granted the government's motion to dismiss. The district court held that under section 183 damages are recoverable for government use only during the pendency of a secrecy order.

Mr. Hornback timely appealed to this court, arguing that section 183 gives him the right to compensation for government use that occurred after the '666 patent issued. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

II.

A.

Because the district court dismissed this action pursuant to Fed. R. Civ. P. 12(b)(6), this court's review is de novo. Barker v. Riverside County Office of Educ., 584 F.3d 821, 824 (9th Cir. 2009); see CoreBrace LLC v. Star Seismic LLC, 566 F.3d 1069, 1072 (Fed. Cir. 2009) ("The question whether a Rule 12(b)(6) motion was properly granted is a purely procedural question not pertaining to patent law, to which this court applies the rule of the regional circuit.") (quotation marks and alterations omitted). In an appeal from the dismissal of an action pursuant to Rule 12(b)(6), "we accept as true the facts alleged in the complaint" and "must draw inferences in the light most favorable to the plaintiff." Barker, 584 F.3d at 824 (quotation marks omitted).

B.

The Invention Secrecy Act entered the U.S. Code on July 19, 1952. 66 Stat. 805 (current version at 35 U.S.C. §§ 181-188). It authorizes government agencies to make

a determination that the publication or disclosure of an invention described in an application for a patent "would be detrimental to the national security." 35 U.S.C. § 181. If a government agency makes such a determination, it "shall notify the Commissioner of Patents and the Commissioner of Patents shall order that the invention be kept secret and shall withhold publication of the application or the grant of a patent for such period as the national interest requires." Id. Once a secrecy order has issued, "[t]he Commissioner of Patents may rescind [the] order upon notification by the heads of the departments and the chief legal officers of the agencies who caused the order to be issued that the publication or disclosure of the invention is no longer deemed detrimental to the national security." Id.

Section 183 authorizes an applicant whose invention was subject to a secrecy order to seek "compensation for the damage caused by the order of secrecy and/or for the use of the invention by the Government, resulting from his disclosure." That section describes two avenues an applicant may follow to obtain relief.

First, an applicant may apply for compensation directly from the head of the department or agency that sought imposition of the secrecy order. If the applicant is unhappy with the award that the government department or agency provides, the claimant may bring suit against the United States either in the United States Court of Federal Claims or in the District Court of the United States for the district in which the claimant is a resident "for an amount which when added to the award [provided directly from the government department or agency] shall constitute just compensation for the damage and/or use of the invention by the Government." If applicants choose this first avenue, they may apply for compensation from the department or agency "beginning at

the date the applicant is notified that, except for [the secrecy order], his application is otherwise in condition for allowance . . . and ending six years after a patent is issued thereon."

Second, rather than apply first for compensation from a government department or agency, section 183 also gives an applicant the right "to bring suit in the United States Court of Federal Claims for just compensation for the damage caused by reason of the order of secrecy and/or use by the Government of the invention resulting from his disclosure." Id. In order to file suit without first seeking relief directly from the government department or agency, however, the claimant must wait until "after the date of issuance of [the] patent." Id.

This appeal provides this court with its first opportunity to squarely address whether the "use of the invention by the Government" language in section 183 includes use of the invention that occurred after the patent for the invention has issued. Although the district court declared that that phrase only covers use during the pendency of a secrecy order, the facts of this case demonstrate that there can be a time lag (here, over one year) from when the PTO rescinds a secrecy order and when the patent actually issues. Because Hornback does not dispute that res judicata bars his claim for compensation as to that time period, this court does not need to address whether section 183 might encompass use after a secrecy order is rescinded but before the patent issues.

The terms of section 183 are broadly stated: "use of the invention" is not explicitly limited to use before a patent for the invention has issued. In interpreting a statute, however, "we must not be guided by a single sentence or member of a sentence, but

look to the provisions of the whole law, and to its object and policy." U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 455 (1993) (internal quotation marks omitted).

Looking to other relevant provisions of law, this court notes that 28 U.S.C. § 1498 is closely related. Section 1498(a) enables a patent owner to file suit against the government in the Court of Federal Claims for government use of a patented invention. That section states, "Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States . . . the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture." (emphasis added). The language of section 1498(a) is mandatory, and therefore grants the Court of Federal Claims exclusive jurisdiction to hear all claims against the government arising out of post-issuance government use of an invention. Crater Corp. v. Lucent Techs., Inc., 255 F.3d 1361, 1364 (Fed. Cir. 2001). That exclusive jurisdiction has been established since 1918. 40 Stat. 705 (1918). This court presumes that the later enactment of the Invention Secrecy Act took this important existing law into account. See Miles v. Apex Marine Corp., 498 U.S. 19, 32 (1990). Absent modification to the Court of Federal Claims' exclusive jurisdiction, the Invention Secrecy Act could not have established a remedy for claims insofar as they allege post-issuance government use.

Section 183 is also closely related to 35 U.S.C. § 181. Section 181 provides two kinds of disclosures related to section 183's phrase "use of the invention . . . resulting from his disclosure." (emphasis added). The first is the applicant's disclosure of the

invention in his patent application, and the second is the disclosure by the Commissioner of Patents to officers of a government department or agency. Both types of disclosures concern non-public disclosures; in contrast, once a patent has issued, the invention is publicly disclosed. Because section 181 concerns non-public disclosures, this court determines that section 183 similarly provides a remedy only for use of an invention that has not been publicly disclosed by the PTO.

Finally, returning to the section at issue, the six-year post-issuance deadline in section 183, which cuts off a patentee's right to apply to a department or agency for compensation, stands in contrast to the six-year statute of limitations for patent infringement damages generally, found in 35 U.S.C. § 286. If the Invention Secrecy Act had sought to make the department or agency route available for post-issuance use, it would not have arbitrarily cut off the right to apply for compensation for such use after only six years post-issuance, rather than simply adopting the six-year statute of limitations found in section 286. Instead, by cutting off the right to even apply for compensation at six years after the patent issues, it appears that the Invention Secrecy Act only addressed recovery for the limited period of pre-issuance use.

Mr. Hornback contends that the legislative history of the Invention Secrecy Act compels this court to construe section 183 in his favor. In particular, Mr. Hornback relies on the following exchange between Paul Rose, who was testifying on behalf of the American Patent Law Association, and Congressman Edwin Willis from Louisiana:

> Mr. Rose.    Now, as to use by the Government the Government has the right to the use of the invention upon the payment of compensation.
> Mr. Willis.    But it has that right today, without this act, as provided by the act of 1910.
> Mr. Rose.    No, but the difference between this act and the act of 1910 is that if the Government uses an invention which is placed under a

> secrecy order, then after the patent issues the inventor, the patentee, may collect for the use of it prior to the date of issuance of the patent. In other words, he may carry his claim back to the first date of use by the Government, whereas under the act of 1910 you only collect for damages after the issuing date of the patent. . . . .
>
> Mr. Willis.      In other words, <u>this applies to a case for damages after a patent has issued</u>?
>
> Mr. Rose.      <u>That is right</u>.
>
> Mr. Willis.      And in this case it gives a cause of action to the patentee prior to the date of issuance of the patent?
>
> Mr. Rose.      Yes, sir; that is correct.

<u>Patent Disclosure: Hearing Before Subcomm. No. 3 of the H. Comm. On the Judiciary</u>, 82nd Cong. 20 (1951) (emphasis added). This court finds the preceding passage ambiguous at best. Mr. Hornback assumes that the pronoun "this" in the emphasized portion of the excerpt refers to section 183. But that pronoun could just as easily be a reference to the act of 1910, which appears to be a reference to the predecessor to section 1498. <u>See</u> 40 Stat. 705. Indeed, because the entire passage deals with the contrast between that earlier act and section 183, the legislative history on which Mr. Hornback relies appears to counsel against his interpretation rather than for it.

In sum, this court holds that "use of the invention" in 35 U.S.C. § 183 does not include use of an invention after a patent for the invention has issued. This interpretation is consistent with the reading provided by this court's predecessor, which noted, in dicta, that "[s]ection 183 provides for damages to be paid to patent holders in two situations: when the Government wrongfully uses the patented device <u>during the period of secrecy</u>, and when the secrecy order itself causes damages." <u>McDonnell Douglas Corp. v. United States</u>, 670 F.2d 156, 163 (Ct. Cl. 1982) (emphasis added). Although this interpretation is inconsistent with that provided by <u>Farrand Optical Co. v. United States</u>, 197 F. Supp. 756, 758 (S.D.N.Y. 1961), <u>rev'd</u>, 317 F.2d 875, 883 (2d Cir.

1962), <u>aff'd en banc by an equally divided court</u>, 317 F.2d 875, 883 (2d Cir. 1963), this court, for the reasons addressed above and to honor its predecessor court, declines to follow that case.

III.

For the foregoing reasons, the judgment of the United States District Court for the Southern District of California dismissing Mr. Hornback's case for failure to state a claim is affirmed.

<u>AFFIRMED</u>

<u>COSTS</u>

Each party shall bear its own costs.